[S. F. No. 19373. In Bank. Dec. 29, 1955.]

GARY B. WILLIAMS, Appellant, v. E. W. ROBINSON VAN LINES (a Corporation) et al., Respondents.

Robert A. Kaiser for Appellant.

Clark & Heafey, Schofield & Hannegan and Gerald P. Martin for Respondents.

SCHAUER, J.—Plaintiff appeals from an adverse judgment, entered upon a verdict, in his action to recover for personal injuries received when he fell from one of defendants' trucking vans, in which he had been riding. We have concluded that plaintiff's claim of prejudicial error in failure of the trial court to give certain instructions requested by him is meritorious, and that the judgment should be reversed.

The appeal is presented on a settled statement. (Rule 7, Rules on Appeal.) Therefrom it appears that plaintiff was employed as a caretaker of race horses by one W. J. Hirsch, and that defendants contracted with Hirsch to transport several of such horses. On the day of the accident plaintiff, discharging his caretaker duties, was riding with the horses in one of defendants' trucking vans when one of its doors opened and plaintiff was thrown to the pavement and injured. He alleges negligence on the part of defendants in failing to fasten the doors.

The settled statement recites that evidence sufficient to support a verdict for either side was introduced at the trial. Plaintiff's sole ground of appeal rests on the court's refusal to give two instructions requested by him relating to the hauling contract between Hirsch and defendants.

Under the terms of the contract, admitted into evidence over plaintiff's objection, Hirsch agreed among other things to save defendants "harmless . . . from all claims, liabilities and demands of every kind, nature and description by reason of personal injuries sustained by said person or persons [caretakers] so in charge of said animals whether the same be caused by negligence or otherwise." Plaintiff was not a party to the contract and no evidence was introduced by either side that plaintiff had any knowledge of its terms.

Plaintiff requested that if the court allowed the contract to remain in evidence, then the jury be instructed that

such contract "is to be considered by you only for the limited purpose of ascertaining the status of the plaintiff as a rider in the van. The plaintiff is not a party to the contract and the provisions set forth in said contract as to the respective rights of the various parties are not binding upon him. Therefore, if you should find that the negligence of defendant's agents proximately caused injury to plaintiff you should return a verdict in his favor." (The last sentence of the quoted instruction is obviously too broad and should be limited or deleted, but as qualified by the other instructions is not necessarily misleading.)

In the alternative, plaintiff also requested that if the contract was not allowed to remain in evidence, then the jury be instructed that the contract "forms no part of this lawsuit. It is to be disregarded by you just as if it had never been placed before you, for the reason that the plaintiff was not a party to said contract and therefore may not be prejudiced by the agreement of others." The contract remained in evidence, and the court refused the requested instructions.

Instructions first given to the jury related, among other things, to negligence, ordinary care, contributory negligence, and proximate cause. The court then continued: "It has been established that at the time of the accident involved in this case, the plaintiff, Gary Williams was a passenger of the defendants, who acting by and through with [sic] their agents, servants and employees, was then operating upon a highway a truck in which plaintiff was riding. The said defendants and *its* employees owed to plaintiff the duty to exercise ordinary care." General principles defining, and concerning the duty owed to, a business visitor or invitee were then explained to the jury. Next was a res ipsa loquitur instruction, as follows: "If, and only in the event, you should find that there was an accidental occurrence as claimed by the plaintiff, then, from the happening of an accident such as involved here, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contradictory evidence, it warrants a verdict for the plaintiff. . . ."

The court then charged: "Where a workman is injured in the course of his employment by a person other than his employer, he is entitled to bring an action at law against

such party and he is not to be prejudiced in such action by the fact that he may or may not be receiving [workman's] compensation. . . .

"So, upon retiring to the jury room you should first consider the question of the legal responsibility for the accident which forms the basis of this action, having in mind that all issues must be established by a preponderance of the evidence. You should determine first whether the defendant was negligent as charged in the plaintiff's complaint; secondly, whether or not such negligence, if such is your finding, was a proximate cause of plaintiff's injuries, if any; thirdly, whether or not the plaintiff was himself negligent as charged in the defendant's answer; and fourthly, whether or not such contributory negligence, if any, of the plaintiff, proximately contributed [to] the plaintiff's injuries, if any." Thereafter instructions concerning damages were given.

The parties agree that the contract between Hirsch and defendants, including the provision quoted hereinabove by which Hirsch agrees to indemnify defendants against claims for personal injuries sustained by Hirsch's caretakers, in no way binds plaintiff and that any rights of plaintiff against defendants are not limited by the contract. Plaintiff urges, however, that inasmuch as the contract, including the indemnification provision, was read to the jury during the trial, and the jury were permitted to take all of the exhibits, including the contract, into the jury room during their deliberations, plaintiff was prejudiced by the court's failure to give his requested instructions, or the substance thereof, explaining to the jury that plaintiff was not a party to the contract and that it did not bind him. It is argued that the effect of placing the contract before the jury without plaintiff's requested explanatory instructions was to "interject the additional issue" of "whether or not the respondent was legally responsible for negligent injury" caused plaintiff.

Although, as noted above, the jury were expressly told that defendants owed to plaintiff the duty to exercise ordinary care and that if they found that the accident claimed by plaintiff actually did occur, then an inference of negligence by defendants arose which "warrants a verdict for plaintiff," nevertheless, it appears to us that permitting the jury to have knowledge of the contract provisions of the scope and substance hereinabove quoted, without cautioning them that the clause expressly protecting defendants against ultimate liability for plaintiff's claims in no way affected

plaintiff's rights as against defendants, tended strongly to mislead and confuse them. We conclude that plaintiff's claim of prejudicial error is well founded and, in the light of the entire record, that a miscarriage of justice is shown.

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.